IN THE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| VICCI KINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| KEITH ANGLIN, CORY FOSTER, ) | |
| MICHAEL RANDLE, GLADYSE TAYLOR and ) | |
| JIM REINHART, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes Now the Plaintiff, VICCI KINNEY [hereafter "Kinney"], by and through her attorney, John A. Baker, and in support of her complaint against KEITH ANGLIN [hereafter "Anglin"], CORY FOSTER [hereafter "Foster"], MICHAEL RANDLE [hereafter "Randle"], GLADYSE TAYLOR [hereafter "Taylor"], and JIM REINHART [hereafter "Reinhart"], states as follows:

### JURISDICTION

1. This complaint is brought under the authority of 42 U.S.C. § 1983 and alleges that the defendants have violated certain rights guaranteed to Kinney under the United States Constitution. As such, this case raises a federal question making jurisdiction proper under 28 U.S.C. § 1331.

### VENUE

2. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of 28 U.S.C. § 1391(b). The allegations giving rise to this

complaint occurred within Vermilion County, Illinois.

### PARTIES

3. Kinney is an adult resident of Vermilion County, Illinois.

4. At all times relevant to this proceeding Anglin has been employed by the Illinois Department of Corrections as the acting Warden of the Danville Correctional Center. He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well. For all actions alleged herein, Anglin was acting under the color of law.

5. At all times relevant to this proceeding Foster has been employed as the Director of Community Affairs for the Office of the Governor of the State of Illinois. He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well. For all actions alleged herein, Foster was acting under color of law.

6. Randle at all times relevant to this proceeding, was employed by the Illinois Department of Corrections as its Director. He is named in this proceeding individually. For all actions alleged herein, Randle was acting under the color of law.

7. Reinhart, at all times relevant to this proceeding, was employed by the Illinois Department of Corrections as Chief of Staff to the Director. He is named in this proceeding individually. For all actions alleged herein, Reinhart was acting under the color of law.

8. Taylor is currently employed as the acting Director of the Illinois Department of Corrections. She is named solely in her official capacity for the purpose

of implementing equitable relief.

### ALLEGATIONS COMMON TO ALL COUNTS

9. Kinney was formerly employed by Lake Land College. Lake Land College has a contract with the Illinois Department of Corrections to provide certain vocational services.

10. Kinney was assigned to teach courses at the Danville Correctional Center. Kinney taught various construction trade courses, including electricity, plumbing, basic carpentry and others. Kinney began teaching these courses in 2002 and continued to do so until April, 2009.

11. On April 10, 2009, Kinney went to the Office of the Executive Inspector General and complained that funds were going to be or possibly had been misappropriated by a high ranking official at the Danville Correctional Center. Acting Warden Anglin and the individual identified in paragraph 10 were both made aware of Kinney's complaints and of her concerns about the misappropriation of funds.

12. On April 13, 2009, Anglin entered an order prohibiting Kinney from entering the Danville Correctional Center.

13. Kinney and Lake Land attempted to determine why a stop order had been issued against Kinney and no explanation was provided by Anglin.

14. On April 16, 2009, pursuant to a directive from Anglin, Acting Assistant Warden Jay Willaman wrote a letter to Kinney advising her that she was "permanently restricted from visiting all facilities in the State of Illinois." This letter effectively barred Kinney from working or visiting any prison in the State of Illinois.

15. On May 1, 2009, Lake Land's President, Scott Lensink, wrote Kinney a letter indicating that he was recommending that her employment be terminated. The sole reason the recommendation of termination was made was because of the April 13, 2009, stop order.

16. On May 11, 2009, the Board of Trustees of Lake Land approved Mr. Lensink's recommendation and Kinney's employment at Lake Land was terminated.

17. Kinney was never an employee of the Illinois Department of Corrections.

18. The letter written to Kinney on April 16, 2009, by Jay Willaman advised Kinney that she could request review of the decision after a period of six months.

19. On December 30, 2009, Kinney wrote a letter to Reinhart, the Chief of Staff of the Director of the Illinois Department of Corrections. The letter sought review of the "stop order" by the Director. Kinney also indicated that she was seeking a position of employment with the "Newport Federal Facility" and that a "stop order" would prohibit her from receiving said position of employment.

20. On January 25, 2010, because she had not heard a response to her December 30, 2009, letter, Kinney wrote a second letter to Reinhart requesting that the "stop order" be rescinded.

21. On February 8, 2010, Reinhart sent a letter to Kinney and stated that the "stop order" would not be rescinded.

22. Kinney's employment with Lake Land College was governed by a collective bargaining agreement. The collective bargaining agreement provided that a more senior employee could exercise bumping rights if their position was eliminated.

Based upon the terms of the collective bargaining agreement, Kinney had the opportunity to bump a Lake Land employee at the Vandalia Correctional Center in Vandalia, Illinois. The April 16, 2009, order, however, foreclosed her opportunity to exercise these bumping rights. Had the order not been in effect Kinney would have exercised her bumping rights and taken the position at the Vandalia Correctional Center.

COUNT I
*Due Process*

23. Paragraphs 1 through 22 are incorporated herein.

24. Kinney has a liberty interest in pursuing her chosen profession. Her chosen profession is to teach trades to incarcerated individuals or to work, in some capacity, in a correctional setting.

25. Employment positions in the correctional field require that an employee have security clearance. The "stop order" would make it impossible for Kinney to pass any type of correctional background investigation.

26. The "stop order" that remains in effect as of today, makes it impossible for Kinney to become employed in her chosen profession.

27. The defendants have been specifically advised that Kinney can not get another position of employment in her chosen field because of the "stop order."

28. Anglin issued the original "stop order." Jay Willaman, based upon a directive from Anglin, issued the modified "stop order" that prohibited Kinney from entering any prison facility in the State of Illinois. Reinhart and Taylor have refused to

take any action to rescind the "stop order."

29. The actions described in paragraph 25 have been taken without Kinney having any process. In this respect, she has never been presented with specific reasons for the "stop order." Further, she has never had an opportunity, in any respect, to challenge the reasons for the "stop order." Rather, the issuance of the "stop order" has been completely arbitrary.

30. As a result of the foregoing allegations, Kinney has been denied of a liberty interest, namely the opportunity to seek employment in her chosen profession, without due process in violation of her rights under the Fourteenth Amendment to the United States Constitution.

31. As a result of the foregoing Kinney has suffered financial injuries, as well as emotional injuries.

Wherefore, Kinney respectfully requests that this Court enter judgment in her favor and against Anglin, Reinhart, Randle and Taylor and requests that the Court order the following relief:

1. An order requiring that the "stop order" be rescinded or, in the alternative, that Kinney have a meaningful opportunity to challenge the issuance of the "stop order" and/or the fact that the "stop order" remains in effect.

2. Damages sufficient to compensate Kinney for the injuries she has sustained as a result of the failure of the defendants to provide her with due process.

3. Reasonable attorney fees and costs associated with bringing this lawsuit.

4. An injunction prohibiting the Illinois Department of Corrections from

issuing "stop orders" to all of its facilities to individuals employed by third party contractors without providing them any due process rights.

5. Provide other relief that this Court deems to be equitable and just.

**Plaintiff Requests a Jury Trial as to this Count**

### COUNT II
*Equal Protection on the basis of Gender as to Anglin*

32. Paragraphs 1 through 31 are incorporated herein.

33. Kinney is female.

34. Many months after a "stop order" was issued Anglin alleged that the reason Kinney was issued a "stop order" was because there was supposedly contraband found in her classroom.

35. Other individuals who were employees of the Lake Land were found to have contraband that was much more significant that Ms. Kinney. Specifically, Bruno Davis, a male employee was found to have significant amounts of contraband.

36. Acting Warden Anglin did nothing to Bruno as a result of finding contraband in his room.

37. The disparate treatment afforded Kinney is because of her gender, female.

38. As a result of the disparate treatment, Kinney has been denied equal protection of the laws under the Fourteenth Amendment.

39. As a result of the actions taken by Anglin, Kinney has lost income, lost employment opportunities and has suffered emotional distress.

Wherefore, Kinney respectfully requests that this Court enter judgment in her

favor and against Anglin, and order the following relief:

1. A declaratory judgment that the actions taken against her violated her rights under the Fourteenth Amendment.

2. Award her damages sufficient to compensate her for her injuries.

3. Enter an injunction ordering that the "stop order" be rescinded.

4. Award Kinney her reasonable attorney fees and her costs associated with prosecuting this claim.

5. Provide other relief that this Court deems to be equitable and just.

**Plaintiff Requests a Jury Trial as to this Count**

### COUNT III
*Retaliation in violation of the First Amendment as to Anglin, Taylor, Reinhart and Foster*

40. Paragraphs 1 through 39 are incorporated herein.

41. Kinney has engaged in speech protected by the First Amendment. In this respect she has spoken out regarding fraudulent use of governmental funds.

42. Kinney had no obligation to speak out on this issue and it was not part of her job duties. In fact, Kinney was never an employee of the Illinois Department of Corrections. As such, her comments were made by a citizen speaking out on a matter of public concern.

43. Kinney has been retaliated against because she exercised her rights under the First Amendment. In this respect she had a "stop order" issued against her and subsequently the defendants have refused to lift the "stop order" despite Kinney's requests.

44. As a result of the foregoing actions, Kinney has suffered economic and non-economic injuries.

Wherefore, Kinney respectfully requests that this Court enter judgment in her favor and against the defendants, and order the following relief:

1. A declaratory judgment that the actions taken against her violated her rights under the First Amendment.

2. Award her damages sufficient to compensate her for her injuries.

3. Enter an injunction ordering that the "stop order" be rescinded.

4. Award Kinney her reasonable attorney fees and her costs associated with prosecuting this claim.

5. Provide other relief that this Court deems to be equitable and just.

**Plaintiff Requests a Jury Trial as to this Count**

Vicci Kinney

By: /s/ John A. Baker
     Her Attorney

    John A. Baker
    Baker, Baker & Krajewski, LLC
    415 South Seventh Street
    Springfield, Illinois 62701
    Telephone: (217) 522-3445
    Facsimile: (217) 522-8234
    E-mail: johnbakerlaw@sbcglobal.net

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
VICCI KINNEY

**DEFENDANTS**
KEITH ANGLIN, CORY FOSTER, MICHAEL RANDLE, GLADYSE TAYLOR and JIM REINHART

**(b)** County of Residence of First Listed Plaintiff   Vermilion
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John A. Baker, Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (excl. vet.)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Inj.

**TORTS — PERSONAL INJURY**
- 362 Personal Injury— Med. Malpractice
- 365 Personal Injury — Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 ADA—Employment
- 446 ADA — Other
- [x] 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Security/Commodity/Exch.
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

42 U.S.C. § 1983

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over $10,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## IX. This case
- [x] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE 10/15/10

SIGNATURE OF ATTORNEY OF RECORD
*/s/ John A. Baker/*