**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| VICCI KINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No. 10-CV-2238 |
| ) | |
| KEITH ANGLIN, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

Defendants filed this Motion in Limine (#41) on July 10, 2013, seeking to bar Plaintiff from calling at trial a witness previously undisclosed to Defendants. Plaintiff filed her Response (#42) on July 24, 2013. For the following reasons, Defendants' Motion in Limine (#41) is DENIED.

### BACKGROUND

Plaintiff alleges that she was improperly terminated from her position as a shop instructor at the Danville Correctional Center (DCC) after she contacted state regulatory authorities over her objection to the DCC administration's request that she have her inmate students construct birdhouses to be given as gifts to DCC visitors. Plaintiff viewed this request as an inappropriate use of her class funds and materials. Plaintiff initiated litigation, alleging Defendants' actions constituted a violation of due process, gender discrimination and retaliation for constitutionally protected speech. Discovery in the instant case concluded on October 31, 2011. Defendants had made an oral motion to extend discovery which was denied by the court on November 14, 2011. On November 30, 2011, Defendants filed a Motion for Summary Judgment (#25), which this court granted in part and denied in part in an Opinion (#35) entered on July 31, 2012. On March 7, 2013, this court scheduled a jury trial for August 26, 2013.

According to Defendants' Motion in Limine, on May 22, 2013, almost nineteen months after the conclusion of discovery, Plaintiff sent Defendants' attorney a letter by email indicating that

Plaintiff intended to call as a witness Lt. Debbie Doggett, a former DCC employee, who Plaintiff admitted had not been previously disclosed. In the letter Plaintiff indicated that Doggett will be called in relation to a conversation Doggett allegedly had with DCC Assistant Warden Calloway. Plaintiff had allegedly expressed concerns to Doggett about whether the DCC administration's requested use of her classroom supplies was appropriate. After Doggett contacted someone in Springfield to discuss Plaintiff's issue, Calloway discussed the issue with Doggett, and Calloway "'complained about [Plaintiff's] concerns and ordered Mrs. Doggett to write [Plaintiff] up.'"

In her Response, Plaintiff claims that she had no knowledge of Doggett's alleged conversation with Calloway until a chance encounter Plaintiff had with Doggett at a tavern on May 18, 2013. Plaintiff filed an affidavit with her Response. In the affidavit, Plaintiff avers that she does not recall having any substantive conversations with Doggett between the date she was terminated at DCC and May 18, 2013, though they may have exchanged pleasantries because they live in a small town. While Plaintiff admits she and Doggett had had a prior conversation about the appropriateness of using Plaintiff's class supplies to create objects for the use of third parties, Plaintiff avers that "[p]rior to [May 18, 2013] I had no knowledge of the conversation Ms. Doggett had with Mr. Calloway."

ARGUMENTS OF THE PARTIES

Defendants argue that they are both prejudiced and surprised "by Plaintiff's last-minute disclosure of Ms. Doggett, a year and a half after discovery in this case has closed." Defendants argue that Plaintiff had conversations with Doggett around the time of the adverse action at issue in this case that concerned "matters directly related to allegations made in this case" and, as such, Doggett and her proposed testimony could have been disclosed to Defendants had Plaintiff exercised reasonable diligence. Defendants claim they are prejudiced because discovery has been closed for more than a year and there is not ample time before the August trial date to: (1) determine the truthfulness of Doggett's proposed testimony; (2) discover any sources of bias Doggett may or may

not have in relation to her testimony; and (3) address any additional issues that may come to light. Defendants further argue that Doggett's testimony is not relevant, because it is hearsay statements of a nonparty (Calloway) that do not tend to prove that the Defendants in this case (DCC Warden Keith Anglin and Illinois Department of Corrections Director S.A. Godinez) were aware of any protected activity of Plaintiff and took retaliation for that activity.

Plaintiff responds that there has not been a failure of disclosure, as she learned of relevant evidence and disclosed it to Defendants within a matter of days. Further, Plaintiff argues that even if she violated court rules, Doggett's testimony should not be barred because: (1) she turned the testimony over to Defendants as quickly as possible and thus did not show bad faith; (2) she notified Defendants more than three months before the trial date, and thus the disclosure did not come at the eleventh hour; and (3) Defendants' claim of prejudice is inaccurate, as Doggett's testimony is brief and uncomplicated and there was plenty of time after the letter was sent in May for Defendants to conduct an exhaustive deposition of Doggett. Plaintiff also argues that Doggett's proposed testimony is relevant, and Defendants, at this point, cannot show that the testimony "is not admissible for any purpose."

## ANALYSIS

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002). A motion in limine "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they

clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440. Therefore, the moving party bears the burden of establishing that the evidence is not admissible for any purpose. Mason v. City of Chicago, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). Unless this high standard is met, rulings on evidentiary matters should be deferred until trial so that issues of foundation, relevance and prejudice may be resolved in the proper context. Mason, 631 F. Supp. 2d at 1055-56; Townsend v. Benya, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); see also Jonasson, 115 F.3d at 440. In addition, any ruling in limine may be subject to change as the case unfolds and the court is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling. Betts v. City of Chicago, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011).

Defendants claim Plaintiff is in violation of Rule 26 of the Federal Rules of Civil Procedure. Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(I). Rule 26 also requires that a party who has responded to an interrogatory must supplement or correct its disclosure or response "in a timely manner if the party learns that the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Defendants have moved to bar Plaintiff's witness Doggett from testifying pursuant to Rule 37(c)(1) of the rules. Rule 37(c)(1) states, in part:

> "***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).
> Rule 37 restrains courts from excluding relevant testimony when a party's failure to disclose

a witness is substantially justified or harmless." McCarthy v. Option One Mortgage Company, 362 F.3d 1008, 1012 (7th Cir. 2004).  District courts enjoy broad discretion in declining to impose discovery sanctions and exclude evidence.  Commonwealth Insurance Company v. Titan Tire Corporation, 389 F.3d 879, 888 (7th Cir. 2004).   While a district court does not need to make specific findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose, the Seventh Circuit has identified four factors that should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In the instant case, the four factors weigh in favor of Plaintiff's failure to disclose harmless. Defendants, although they may have been surprised by Plaintiff's letter indicating intent to call Doggett, have not suffered any prejudice.  At the time Doggett was disclosed, May 2013, trial was scheduled to begin in three months on August 26, 2013.  However, at a status conference on August 9, 2013, the court vacated the August 26 trial date and set the matter for a telephone status conference on October 24, 2013.  Defendants, counting the time since Plaintiff's letter was sent in May, will have had five months to depose Doggett and conduct further discovery related to her testimony before the status conference in October.  Further, no future trial date has been set.  Thus, as of this moment, there is no likelihood of a disruption to the trial and Defendants have not suffered any prejudice.

Defendants have also not carried their burden in showing bad faith or willfulness in Plaintiff's not disclosing Doggett at an earlier date.  Plaintiff admits that, prior to the May 2013 encounter, she had knowledge of a conversation with Doggett on the underlying issue in the case, but claims she had forgotten about the encounter. While it is arguable Plaintiff should have remembered her prior conversations with Doggett and reported that information in the initial Rule

26 disclosures, Plaintiff avers that she was not aware until May 18, 2013, of Doggett's conversation with Calloway.  Upon learning of Doggett's conversation with Calloway, Plaintiff immediately notified Defendants of her intention to call Doggett as a witness.  The court cannot say that there is evidence that Plaintiff acted in bad faith or willfulness in not disclosing Doggett at an earlier date.

Finally, the court agrees with Plaintiff that questions of relevancy and hearsay cannot be determined at this point in time. Defendants have not shown that Doggett's testimony would be inadmissible for any purpose.  As noted above, unless this high standard is met, rulings on evidentiary matters should be deferred until trial so that issues of foundation, relevance and prejudice may be resolved in the proper context.  Mason, 631 F. Supp. 2d at 1055-56; Townsend v. Benya, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); see also Jonasson, 115 F.3d at 440.  The parties now have time and an opportunity to conduct full discovery on Doggett.  For the forgoing reasons, Defendants' Motion in Limine (#41) is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion in Limine (#41) is DENIED.

(2) This case remains set for a telephone status conference on October 24, 2013, at 1:15 pm.

ENTERED this 23rd day of August, 2013.

/s Michael P. McCuskey
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE