UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VICCI KINNEY,                )
                             )
            Plaintiff,       )
                             )
v.                           )   Case No. 10-2238
                             )
KEITH ANGLIN,                )
                             )
            Defendant.       )

ORDER

      This case was before the court for a jury trial on the plaintiff's claims that the defendant violated her rights under the First and Fourteenth Amendments. Specifically, she claimed that the defendant violated her First Amendment rights by locking her out of the Danville Correctional Center, where she worked under contract as a vocational teacher, for reporting a potential misuse of public funds to the Illinois Office of the Executive Inspector General (OEIG).

      Her claim under the Fourteenth Amendment falls completely within the province of the jury. However, her claim under the First Amendment was not entirely a jury determination. The first question on a claim of an infringement of the right of free speech is whether the plaintiff's speech was constitutionally protected. This issue is a question of law to be determined by the court. *See Messman v. Helmke*, 133 F.3d 1042, 1046 (7th Cir. 1998); *see also Connick v. Myers*, 461 U.S. 138, 148 n.7 (1983). If the speech at issue is determined by the court to be protected speech, the jury then determines issues pertaining to causation. *Volkman v. Ryker*, ___ F.3d ___, 2013 WL 6228316, at *3 (7th Cir. Dec. 2, 2013).

      To determine whether the speech at issue is protected speech, the court's consideration is guided by a three-step sequence. *Messman*, 133 F.3d at 1045 (*citing Connick*, 461 U.S. at 146-52). First, the court must determine whether the alleged speech "would be protected if engaged in by private citizens." *Messman*, 133 F.3d at 1045. Kinney contacted the OEIG to question, and ask for guidance about, the use of her classroom budget or other public funds to purchase materials to be used by her students to make gifts for visitors to Danville Correctional Center. When Kinney made her report in 2009, the news organizations were routinely reporting on numerous ethical lapses of State officials and employees. Had a private citizen learned that inmates were making gifts using materials purchased with public funds, that citizen's report to the OEIG would have been protected speech. Kinney meets the first step of the inquiry.

      The second step is whether the speech "pertain[ed] to issues of public concern or whether they were *purely* private grievances." *Messman*, 133 F.3d at 1045 (emphasis added). Kinney was concerned about the use of an already-stretched classroom budget, but she was also concerned that the use of public funds for gifts to private individuals was not proper or ethical.

Kinney meets the second step of the inquiry because her report pertained to a matter that was not purely private; it was an matter of public concern.

The third step requires the court to "balance the governmental interests served by suppression of the activities against the interests of the employees and the public" in the protected speech. *Messman*, 133 F.3d at 1046. Anglin testified that Kinney's report to the OEIG played no role in his decision to lock her out of the prison. Thus, there is nothing in his testimony to suggest that Anglin had any governmental interest in suppressing Kinney's speech. An April 16, 2009, letter sent to Kinney by Assistant Warden Willaman cites an Institutional Directive which states that the prison could permanently restrict Kinney "'if it is determined he/she may be a threat to safety or security" of the facility." Pl. Ex. 29. There was no evidence presented at trial to show, or even hint at the possibility, that Kinney's report to the OEIG did anything to threaten the safety or security of the facility, nor can the court conceive of any circumstances under which the speech in this case could have done so. Kinney's speech did not implicate any governmental interests that were served by the institution's suppression of her speech.

For the above reasons, the court ruled as a matter of law that Kinney's speech was constitutionally protected, and the jury decided the remaining issues pertaining to her First Amendment claim.

Entered this 12th day of December, 2013.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE